UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL KROSKY, | Civil Action No. 20-18144 (SDW) |
| **Plaintiffs,** | |
| v. | MEMORANDUM OPINION |
| DEPARTMENT OF CORRECTIONS, et al., | |
| **Defendants.** | |

**IT APPEARING THAT:**

1.  On or about December 3, 2020, Plaintiff, who was recently released from prison, filed his current complaint in which he seeks to raise claims against the New Jersey Department of Corrections based on his belief that he was detained for three months beyond the date on which he should have been released.  (ECF No. 1).  Plaintiff also filed an application to proceed *in forma pauperis*.  (Document 1 attached to ECF No. 1).

2.  Having reviewed Plaintiff's application and determined that leave to proceed without prepayment of fees is warranted, Plaintiff's *in forma pauperis* application is granted.

3.  Because Plaintiffs will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4.  In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2

6. In his complaint, Plaintiff raises a single claim – that he was "illegally" held in prison for three months beyond the date on which he believes he should have been released from prison. Although Plaintiff does not clearly describe in his complaint why he believes he was entitled to an earlier release date than the one he received, as Plaintiff was released sixteen years into a twenty five year sentence, it appears that Plaintiff is claiming that officials at Northern State Prison and Bayside State Prison improperly calculated the credits to which Plaintiff was entitled and thus failed to release him at the proper time. (*See* ECF No. 1 at 4-5; Document 1 attached to ECF No. 1 at 5).

7. Although Plaintiff may well be able to plead a cognizable claim based on the facts he asserts, in his complaint he names only three Defendants – the New Jersey Department of Corrections, and the "Department of Corrections Classification Officers" in their official capacities of both Northern State Prison and Bayside State Prison. An official capacity claim against a corrections officer is no different from a claim against the officer's office or employer itself, in this case Northern State Prison and Bayside State Prison. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280-81 (D.N.J. 2013). Neither a state prison nor a state department of corrections, however, is a "person" amenable to suit under § 1983. *See, e.g., Grohs*, 984 F. Supp. 2d at 280; *see also Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). As neither the classification officers in their official capacities – essentially a stand in for the two prisons – nor the Department are subject to suit under § 1983, Plaintiff's claims against them must be dismissed without prejudice.

8.  In conclusion, Plaintiff's complaint shall be **DISMISSED WITHOUT PREJUDICE** in its entirety.  An appropriate order follows.


*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge

Dated: December 7, 2020

4