**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAMUEL KROSKY,<br><br>      Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Defendants. | Civil Action No. 20-18144 (SDW)<br><br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about December 3, 2020, Plaintiff Samuel Krosky filed a complaint seeking damages based on his belief that he was held in prison beyond the term imposed by his sentences. (ECF No. 1).

2. On December 7, 2020, This Court issued a memorandum opinion and order which dismissed that complaint as Plaintiff had named as Defendants only individuals who were either immune to suit or not subject to suit under 42 U.S.C. § 1983. (ECF Nos. 2-3).

3. On or about December 28, 2020, Plaintiff filed an amended complaint. (ECF No. 4). In that complaint, Plaintiff once again contends that he was held several months beyond the term authorized by his prison sentence and accompanying credits. Plaintiff names four defendants in his amended complaint – Patrick Nogan, administrator of Northern State Prison, whom Plaintiff refers to as Patrick Logan; Colleen Kim, identified as the supervisor of classification at Northern State Prison; Johnathan Gramp, Administrator of Bayside State Prison; and Elizabeth Anekwe, named as the supervisor of classification at Bayside State Prison. Although Plaintiff notes that he had some interaction with individuals in "classification" at these two prisons, he does not detail

1

any interaction with any of the four named Defendants, nor does he identify how they were involved in the alleged miscalculation of his sentences.

4. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. In order to plead a plausible claim for relief under § 1983, a plaintiff must plead facts showing that the named defendants had personal involvement in the alleged wrongs – a supervisory official may not be held to account solely based on a theory of vicarious responsibility for the actions of his subordinates. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisory officials may therefore only be held liable based either on their establishment of practices or policies which caused the alleged wrong, their personal direction of the bad actors to violate the plaintiff's rights, or their knowledge of and acquiescence to their subordinate's unlawful conduct. *Doe v. New Jersey Dep't of Corr.*, Civil Action No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015).

8. Here, Plaintiff names only four Defendants, all of whom are supervisors over entire prisons or prison classification departments. Plaintiff does not plead any facts relating to the

3

specific involvement of these four Defendants, instead only asserting that someone in each prison's classification department miscalculated his sentences.  As Plaintiff has failed to identify what specific actions any named Defendant took or how any named Defendant was involved in his claim, it appears that he has at best pled only a claim for supervisory liability based on an improper *respondeat superior* theory of vicarious liability.  Plaintiff has therefore failed to plead a plausible claim for relief against any of the named Defendants, and his amended complaint must therefore be dismissed without prejudice.

9.  In conclusion, Plaintiff's amended complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE**.  An appropriate order follows.


Dated: February 1, 2021

                                             *s/Susan D. Wigenton*
                                             Hon. Susan D. Wigenton,
                                             United States District Judge